IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE GREENE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-579 |
| | : | |
| CYNTHIA LINK, | : | |
| *SUPERINTENDENT*, et al. | : | |

## ORDER

AND NOW, this 29th day of June, 2017, upon careful and independent consideration of Petitioner Andre Greene's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and upon de novo review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter and Greene's objections thereto, it is ORDERED:

1. Greene's objections (Document 16) are OVERRULED[1];

---

[1] Greene seeks relief from his conviction for third-degree murder and other offenses arising out of the shooting death of Craig Dunston following an altercation between Dunston's girlfriend, Nicole Doughty, and Greene's girlfriend, Tiffany Nelson. In his habeas petition, Greene raises several claims of ineffective assistance of counsel. He alleges (1) his trial counsel was ineffective for failing to challenge an illegal and suggestive identification of him by witness Christine Martin; (2) his appellate counsel was ineffective for failing to perfect his appeal by filing a defective brief; (3) both his appellate counsel and his PCRA counsel were ineffective for failing to raise the issue of trial counsel's ineffectiveness for not challenging Martin's identification; and (4) his PCRA counsel was ineffective for failing to file an amended PCRA petition challenging trial counsel's ineffectiveness for not challenging Martin's identification and appellate counsel's failure to comply with the Pennsylvania Rules of Appellate Procedure. In November 2016, the Magistrate Judge issued a Report and Recommendation recommending that Greene's habeas petition be denied in its entirety, to which Greene now objects.

The Magistrate Judge concluded Greene's claim that his trial counsel was ineffective for failing to challenge Martin's identification was procedurally defaulted because the Superior Court found the claim, which Greene raised for first time in his Rule 1925(b) statement and PCRA appeal, was waived. R. & R. 12-13. Because freestanding claims of ineffective assistance of collateral review counsel are not cognizable in a § 2254 proceeding, *see* 28 U.S.C. § 2254(i), the Magistrate Judge construed Greene's claims that his PCRA counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness for not challenging Martin's identification as an effort to establish cause for the procedural default of his ineffective assistance of trial counsel claim. *See Martinez v. Ryan*, 566 U.S. 1, 1318-19 (2012) (holding the failure of collateral review counsel to raise an ineffective assistance of trial counsel claim in an

initial review collateral proceeding can constitute cause for a procedural default of the ineffective assistance of trial counsel claim if (1) collateral review counsel's failure to raise the claim constituted ineffective assistance of counsel, and (2) the underlying ineffective assistance of trial counsel claim "is a substantial one," meaning "the claim has some merit"). The Magistrate Judge concluded PCRA counsel's failure to raise the claim in the PCRA court did not constitute cause for the default because the underlying ineffective assistance of counsel claim—that trial counsel was ineffective for failing to challenge Martin's identification—was meritless, as there was no reasonable probability that had counsel made such a challenge and succeeded in suppressing the identification, the outcome of the trial would have been different. R. & R. 14.

Greene objects to the Magistrate Judge's analysis of his claims concerning Martin's identification, arguing that a challenge to Martin's identification would have been meritorious in the trial court, as the identification procedure was impermissibly suggestive. But even assuming this is true and counsel was ineffective for failing to challenge Martin's identification, to prevail on an ineffective assistance of counsel claim, Greene must show that counsel's deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Specifically, Greene must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. As the Magistrate Judge concluded, Greene has made no such showing here. As an initial matter, Martin was effectively cross-examined at trial about her identification of Greene, and she admitted both that detectives had directed her to identify Greene in a photo array even though she first identified another individual and that, in fact, she did not see the shooting. Moreover, Martin was one of four witnesses who identified Greene as the shooter at trial; hence, even if her testimony had been suppressed, three other eyewitnesses—including Tiffany Nelson, Greene's girlfriend at the time of the shooting—would still have identified Greene as the shooter. *See* Trial Tr. 56-59, Sept. 25, 2006; Trial Tr. 25-26, 29-31, 43-44, Sept. 26, 2006; Trial Tr. 53-57. Corroborating the testimony that Greene was the sole shooter, a ballistics expert testified that all eleven fired cartridge casings recovered from the scene of the shooting were fired from the same gun, and that the bullet evidence retrieved from the victims was consistent with the same type of gun as the cartridge casings. *See* Trial Tr. 113-18, Sept. 25, 2006. Indeed, in closing, defense counsel did not contest that Greene had fired shots, but instead asked the judge, as the trier of fact, to find that Greene did not intend to commit murder but had reacted in the heat of passion to provocation from Dunston and should at most be found guilty of voluntary manslaughter. *See* Trial Tr. 104, Sept. 26, 2006. In these circumstances, given the substantial evidence of Green's guilt presented at trial, apart from Martin's identification, it is not reasonably probable that had Martin's testimony been suppressed, Greene would have been acquitted. *Cf. Glenn v. Wynder*, 743 F.3d 402, 410-11 (3d Cir. 2014) (rejecting an ineffective assistance of counsel claim based on counsel's failure to move to strike testimony referring to a faulty identification of the defendant where the other evidence presented at trial "provided an ample basis for the jury's verdict"). Because Greene's underlying ineffective assistance of counsel claim concerning trial counsel's failure to challenge Martin's identification lacks merit, his PCRA counsel was not ineffective for failing to raise the claim, and PCRA counsel's failure to raise the claim does not constitute cause for Greene's procedural default. Similarly, because the underlying ineffective assistance of trial counsel claim lacks merit, Greene also cannot show his appellate counsel was ineffective for failing to raise this issue. Greene's objection to the resolution of his claims regarding Martin's identification is therefore overruled.

2. The Report and Recommendation (Document 15) is APPROVED and ADOPTED;

3. Greene's Petition for Writ of Habeas Corpus (Document 1) is DENIED;

4. Greene having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue; and

5. The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:

   /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

As to Greene's claim that his appellate counsel was ineffective for failing to perfect his appeal by filing a defective brief, the Magistrate Judge concluded this claim was meritless because the Superior Court considered Greene's direct appeal on the merits. Greene raised only a single issue on direct appeal, challenging the sufficiency of the evidence to support a third-degree murder verdict. In its opinion affirming Greene's conviction, the Superior Court noted Greene had come "perilously close" to waiving the issue by failing to comply with Pennsylvania Rule of Appellate Procedure 2119, in that his brief failed to "point to specific evidence or sections of the record" to support his claim. *Commonwealth v. Green*, No. 3400 EDA 2006, Mem. 3 n.1 (Pa. Super. Ct. Feb. 15, 2008). The Court nevertheless considered the claim on the merits, affirming on the basis of the trial court's opinion, which detailed the evidence in the record that supported the verdict. In his objections, Greene argues appellate counsel's failure to include copies of the notes of testimony from his trial in the appellate record prevented the Superior Court from making "a complete and judicious assessment on the issue[] raise[d] on appeal." Pet'r's Objs. 2. But he provides no explanation as to how or why this information would have affected the outcome of his appeal. Greene also faults appellate counsel for failing to raise claims he instructed counsel to pursue on appeal, but he does not even identify the omitted claims, much less demonstrate that it is reasonably probable such claims would have been successful. Greene's objections regarding his claim of ineffective assistance of appellate counsel are therefore overruled. Finally, insofar as Greene alleges his PCRA counsel was ineffective for failing to file an amended PCRA petition challenging appellate counsel's failure to comply with the Pennsylvania Rules of Appellate Procedure, this claim is not cognizable and meritless.